UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARCUS P. BROWN | § |
| | § |
| v. | § C.A. NO. C-03-12 |
| | § |
| FRED LIPPARD | § |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On March 31, 2005, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 73). Objections were timely filed by defendant (D.E. 74). In his objections, defendant asserts (1) that he presented uncontroverted evidence of only *de minimis* injury, which entitles him to summary judgment as to plaintiff's Eighth Amendment claim and (2) that the Magistrate Judge improperly used the pleadings filed in the *Brown v. Boothe* (2:98cv540) case to deny defendant's claim to qualified immunity. Having reviewed *de novo* the Memorandum and Recommendation, defendant's objections, and the other pleadings on file, this Court hereby adopts as its own the findings and conclusions of the Magistrate Judge.

*Evidence of Physical Injury:*

Defendant claims that the Magistrate Judge improperly evaluated his summary judgment evidence (Dr. Adams' affidavit and plaintiff's TDCJ medical records) and that such evidence demonstrates that plaintiff cannot establish an essential element of his excessive force claim–a more than *de minimis* physical injury.

"[T]o support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no

categorical requirement that the physical injury be significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). *See also Hudson v. McMillian*, 112 S.Ct. 995, 1000 (1992); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). In her Memorandum and Recommendation, the Magistrate Judge, after comparing this case to *Siglar* and *Gomez*, correctly concludes that plaintiff's injuries are more than *de minimis* and that plaintiff should be allowed to proceed on his cause of action.

Plaintiff's documented injuries (in his TDCJ records) are: a one centimeter abrasion to the left knee, which was cleaned and swabbed; a one centimeter abrasion to the left shoulder, which was cleaned and swabbed; pain to the left hand thumb area, which was tender to touch; and pain to the right knee. Additionally, plaintiff has alleged that he suffered aggravated back pain, tendonitis in his knee and shoulder, and 4 herniated disks in his back from defendant's use of force. In her affidavit, Dr. Adams states that these additional alleged injuries are not supported by plaintiff's medical records.

Although the Court recognizes that Adams' affidavit states that "plaintiff's injuries . . . were superficial and minor," plaintiff's documented injuries of two one centimeter abrasions to his left shoulder and left knee, for which he sought medical treatment, are akin to the documented injury of *Gomez* (a one centimeter abrasion to the head)–an injury which the Fifth Circuit could not say as a matter of law was *de minimis*. As such, defendant has not met his initial summary judgment burden to show the absence of a genuine issue of material fact

as to the extent of plaintiff's injuries. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986).[1]

*Reference to Pleadings in Brown v. Boothe:*

Defendant objects to the Magistrate Judge's use of the pleadings filed in *Brown v. Boothe* in her denial of defendant's claim to qualified immunity.[2] Defendant argues that allegations in pleadings, findings of the court, and jury verdicts from another action (even if between the same parties) cannot be incorporated by reference by the Magistrate Judge. Defendant concludes that without the incorporation of the allegations and pleadings from *Brown v. Boothe*, plaintiff fails to meet his summary judgment burden and fails to overcome defendant's entitlement to qualified immunity.

While defendant correctly claims that plaintiff may not incorporate by reference allegations or pleadings from *Brown v. Boothe* under Federal Rule of Civil Procedure 10(c),[3] his objection to the Court's use of those pleadings is unfounded. The relevant inquiry is that

---

[1] This finding is based solely on the abrasions as defendant has a valid claim that plaintiff has not met the heightened standard of proximate causation in establishing that his back injuries were caused by the use of force. *See, e.g., Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1415 (5th Cir. 1995).

[2] In her Memorandum and Recommendation, the Magistrate Judge relied upon exhibits attached to pleadings in the *Brown v. Boothe* case in her finding that fact issues remained on the matter of defendant's intent before and during the use of force and in her conclusion that defendant is not entitled to qualified immunity. The Magistrate Judge found that fact issues existed "regarding whether defendant applied force in a good faith effort to maintain or restore discipline or maliciously and sadistically"–the standard put forth as the core inquiry in excessive force Eighth Amendment cases in *Hudson,* 112 S.Ct. at 999.

[3] "Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). "Although Rule 10(c) is not expressly limited to pleadings in the same action, it has been held that allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1326 (2d ed. 1987) (citing *Texas Water Supply Corp. v. RFC*, 204 F.2d 190 (5th Cir. 1953); *Grenier v. Med. Eng'g Corp.*, 243 F.3d 200 (5th Cir. 2001)).

of judicial notice rather than incorporation by reference.  Although the Fifth Circuit has found that courts generally may not take judicial notice of factual findings of another court, *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998), it has also stated that "[a] court may . . . take judicial notice of its own records."  *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981).

It was proper for the Magistrate Judge to rely upon the exhibits in the *Brown v. Boothe* case as a matter of judicial notice.  In these exhibits (specifically, D.E. 42, Ex. A., pp. 105-106), it is noted that another corrections officer, who witnessed the incident between plaintiff and defendant, stated that plaintiff did not disobey the defendant when plaintiff was being escorted out of his cell.  This exhibit raises a fact issue as to whether or not defendant was acting with a good faith effort or maliciously.  The existence of such a fact issue dictates the Court's finding that defendant is not entitled to qualified immunity.

Accordingly, defendant's motion for summary judgment (D.E. 71) is DENIED.  Plaintiff may proceed on his Eighth Amendment claim against defendant Lippard.

ORDERED this 20th day of July, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE